I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Pet+honer ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-20-11

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 20 2011
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER V. BASHKIROFF,<br><br>    Petitioner,<br><br>vs.<br><br>MARK VARELA, Director,<br><br>    Respondent. | Case No. CV 11-5219-JSL (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. The Petitioner filed "Objections & Opposition" to the Report and Recommendation, and the Court has made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

In his objections, Petitioner contends that *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003), controls this case and mandates that he be found to have "fairly presented" his ineffective-assistance-of-counsel claims to the California Supreme Court. *Sanders* held that in some circumstances the mere invocation of the words "ineffective assistance of counsel" is enough by itself to fairly present the federal nature of the claim to a state court. *Id.* at

1

999. Petitioner, however, used that phrase only once in his California Supreme Court habeas petition, describing his trial counsel, and only in the section of the brief labeled "Statement of Facts." (See Lodged Doc. 3a at 3.) He did not use the phrase anywhere in the Argument section of the brief, nor did he anywhere in that petition delineate his claims. As noted in the Report and Recommendation, he also did not cite any federal cases or any portion of the U.S. Constitution. Thus, it cannot be said that he "fairly presented" the federal nature of any of the claims he now raises, including the ineffective-assistance-of-trial-counsel claim, to the California Supreme Court.

Even if Petitioner's single invocation of the phrase "ineffective assistance of trial counsel" could be said to have exhausted that claim, his Petition would be rendered a "mixed" petition, containing exhausted and unexhausted claims, and would therefore require dismissal under Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205, 71 L. Ed. 2d 179 (1982).

The Court therefore concurs with and accepts the Magistrate Judge's recommendations that Respondent's Motion to Dismiss be granted and Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies.

IT IS SO ORDERED.

DATED: 12/19/11

*Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE